# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON DENT, | : | |
|     Plaintiff | : | |
| | : | No. 1:20-cv-299 |
| v. | : | |
| | : | (Judge Rambo) |
| WILLIAM BARR, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

On June 7, 2019, *pro se* Plaintiff Jason Dent ("Plaintiff"), who is currently incarcerated at the United States Penitentiary Canaan in Waymart, Pennsylvania ("USP Canaan"), initiated the above-captioned action by filing an "emergency injunction" against Defendants Attorney General William Barr ("Barr") and Bureau of Prisons Regional Director J.F. Caraway ("Caraway") in the United States District Court for the Eastern District of Texas. (Doc. No. 1.) In an Order dated February 19, 2020, that court transferred the action to this Court for further proceedings. (Doc. No. 2.) In an administrative Order dated February 24, 2020, the Court directed Plaintiff to either pay the requisite filing fee or submit a motion for leave to proceed *in forma pauperis* within thirty (30) days. (Doc. No. 5.) Plaintiff has moved for a ninety (90)-day extension of time to comply with that administrative Order. (Doc. No. 7.)

The Court construes Plaintiff's "emergency injunction" to be a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971).  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below, the Court will dismiss the complaint without leave to amend and deny as moot Plaintiff's motion for an extension of time (Doc. No. 7).

I.   BACKGROUND

Plaintiff seeks injunctive relief directing Defendants Barr and Caraway to cease spending more money on private prisons, cease the spending of less money on Bureau of Prisons ("BOP")-operated facilities, and "the current policies." (Doc. No. 1 at 1.)  He alleges that in April 2008, "weeks before the race riot at USP Florence occurred," a legislative coordinator with the AFGE[2] testified before Congress regarding rising levels of violence within BOP institutions.  (*Id.*)  This individual "blamed the violence on insufficient staffing and resources." (*Id.*)  Plaintiff goes on to allege that on April 20, 2008, a "major 30 minute race riot" broke out at USP Florence, during which guards fired "more than 200 M-16 rounds, 300 pepper balls and almost a dozen tear gas canisters, plus sting grenades." (*Id.*)  Two prisoners were killed and thirty (30) prisoners and a staff member were injured.  (*Id.*)  Plaintiff

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[2] In an identical case to the one presented here, the United States District Court for the Eastern District of Pennsylvania has presumed that Plaintiff refers to the America Federation of Government Employees.  *See Dent v. Barr*, No. 2:19-cv-2445, 2019 WL 2537814, at *1 n.1 (E.D. Pa. June 19, 2019).

2

alleges that a month prior, BOP officials "estimated that a projected $289 million budget short fall could cause the cutting of guard positions to the point where safety and security of staff and inmates could be in jeopardy." (*Id.* at 2.)

Plaintiff next maintains that the BOP removed UNICOR programs, leaving inmates unable to pay court fines and restitution, removed washers and dryers, leading to increased staph infections, removed microwaves, removed breakfast and replaced it with "gran flakes seven days a week," and served peanut butter and jelly or sandwich meat for dinner. (*Id.* at 2.) Plaintiff also alleges a general lack of jobs and food. (*Id.*) Plaintiff argues that these policies have created an "ultra violent environment." (*Id.*) He maintains that private prisons did not experience any budget cuts. (*Id.*) Plaintiff alleges that on January 29, 2018, a BOP Assistant Director "leaked" a memorandum indicating that the current presidential administration intended to boost the use of private prisons while cutting federal staff. (*Id.* at 3.) He asserts that "rehabilitation is not the BOP goal for inmates anymore only warehousing." (*Id.*)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Although Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*, the Court has the authority to screen his complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir.

3

2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*); *see also Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (noting that "a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee"). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted, *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2). The determination of whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *Neal v. Pa. Bd. of Probation & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997).

When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.,*

4

*Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a

cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)). Finally, if a complaint fails to plead facts sufficient to satisfy the standing and "case and controversy" requirement of Article III, the Court may *sua sponte* dismiss the complaint under § 1915A. *See Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006). The plaintiff bears the burden of showing that he has standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### B. *Bivens* Claims

A *Bivens* civil rights action asserted under 28 U.S.C. § 1331 is evaluated using the same standards applicable to a 42 U.S.C. § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. DISCUSSION

### A. Plaintiff's Complaint

The Court notes that Plaintiff's complaint is identical to one he filed in the United States District Court for the Eastern District of Pennsylvania in June 2019. *See Dent v. Barr*, No. 2:19-cv-2445, 2019 WL 2537814, at *1 (E.D. Pa. June 19, 2019). That court dismissed Plaintiff's complaint for lack of standing. *Id.* at *2-4. For the reasons set forth below, the Court concludes that Plaintiff lacks standing to bring his claims in the above-captioned case.

Article III, Section 2 of the Constitution grants federal courts the authority to decide legal questions resolving cases or controversies. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018). For an Article III case or controversy, however, a plaintiff must have standing. *See Dent*, 2019 WL 2537814, at *2 (citing *Hollingsworth v. Perry*, 570 U.S. 693 (2013)). To have standing, a plaintiff must sufficiently show

that he (1) has suffered an "injury in fact . . . which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) there is "a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Hollingsworth*, 570 U.S. at 560-61 (internal citations and quotations omitted).

The Third Circuit has held that allegations of a vague and indefinite future injury are insufficient to constitute the injury necessary to establish standing. *See Pa. Prison Soc. v. Cortes*, 508 F.3d 156 (3d Cir. 2007). For example, in *Cortes*, the prisoner plaintiffs challenged an amendment to the Pennsylvania Constitution increasing the number of required votes for obtaining a pardon or commutation. *Id.* at 158. The Third Circuit concluded that the plaintiffs lacked standing because they failed to allege imminent injury because they failed to prove they were in the process of applying for a pardon or commutation or planned to immediately apply for a pardon or commutation. *Id.* at 165. In the instant case, Plaintiff fails to allege that he will suffer imminent injury as a result of the BOP's spending policies. Although Plaintiff alleges that the spending policies have contributed to increased violence, he fails to allege that he has personally suffered from such violence. While Plaintiff attaches an exhibit indicating that three inmates have been killed at USP Canaan,

8

that exhibit shows that the most recent death occurred in 2013. (Doc. No. 1-1 at 8.) Plaintiff's allegations connecting increased violence to BOP spending policies are merely conclusory and fail to sufficiently set forth injury required for standing.

Plaintiff must also demonstrate that the alleged injuries are "fairly traceable to the challenged conduct of the defendants." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The alleged injury cannot be "the result of the independent action of some third party not before the court." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2017) (citing *Toll Bros. Inc. v. Twp. of Readington*, 555 F.3d 131, 142 (3d Cir. 2009)). This requirement is "akin to 'but for' causation" in tort and may be satisfied "even where the conduct in question might not have been a proximate cause of the harm." *Id.* In the instant case, Plaintiff fails to show that his alleged injury is fairly traceable to the BOP's spending policies. Plaintiff's complaint "does not show any causation between increased violence/worsening prison conditions and the BOP's spending policies." *Dent*, 2019 WL 2537814, at *3. Plaintiff's speculative allegations simply fail to sufficiently show that his alleged injuries are fairy traceable to the BOP's spending policies.

Article III also requires a plaintiff to show that it is "'likely,' as opposed to 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon v. Eastern Ky. Welfare Rights Orgs.*, 426 U.S. 26, 41-42 (1976)). The Supreme Court has noted that "suits challenging, not specifically

identifiable Government violations of the law, but the particular programs agencies establish to carry out their legal obligations . . . [are], even when premised on allegations of several instances of violations of law, . . . rarely if ever appropriate for federal-court adjudication." *Id.* at 568. Here, Plaintiff fails to "allege any facts that support a conclusion that increased spending on BOP prisons and decreased spending on private prisons would alleviate the risk of violence, and therefore his alleged injury." *Dent*, 2019 WL 2537814, at *4. Plaintiff's allegation that legislative coordinators have blamed the violence of insufficient staffing and resources is "insufficient to show that ceasing the current spending policies and increasing spending on BOP prisons will redress [Plaintiff's] alleged injury." *Id.* Because Plaintiff fails to demonstrate a "concrete connection between budget cuts, violence, and [his] alleged injury, redressability is merely speculative and insufficient for standing." *Id.*

    **B.**     **Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may

deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Here, based upon the discussion above, the Court concludes that it would be futile to permit Plaintiff to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will construe Plaintiff's "emergency injunction" (Doc. No. 1) as his complaint and, so construed, dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's motion for an extension of time (Doc. No. 7) will be denied as moot. Plaintiff will not be given leave to file an amended complaint. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: March 24, 2020